IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENT RAY BELL,

    Petitioner,

v.                                                           Civil Action No. 3:07cv464

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia state prisoner proceeding *pro se*, has filed a petition ("Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions in the Circuit Court of the City of Virginia Beach ("Circuit Court"), for one count of attempted malicious wounding, four counts of maliciously discharging a firearm at or within an occupied dwelling or building, and one count of use of a firearm in the commission of a felony. Petitioner contends that he is entitled to relief on the following grounds:

    Claim 1:     "Perjury of Commonwealth Witness." Petitioner claims that "[the Commonwealth's witness] on two occassions [sic] testified to the same material matter, however, [the witness] gave conflicting testimonies." (Pet., Attach. at 1.)

    Claim 2:     "Inadmissible Evidence." Petitioner claims: "due to the amount of alcohol and liquor I had consumed prior to interrogation I in fact could not have been in a sound state of mind to 'freely and voluntarily' give a statement." (Pet., Attach. at 3.)

    Claim 3A:     Ineffective Assistance of Counsel. Petitioner claims that had his attorney questioned the Commonwealth's witness about conflicting statements, she would have shown that he had no malice and "[w]ithout malice I would not have been found guilty of the crimes charged with." (Pet., Attach. at 4.)

> Claim 3B: Ineffective Assistance of Counsel. Petitioner claims his attorney failed to impeach the Commonwealth's witness with the inconsistent statement made during the preliminary hearing. (Pet., Attach. at 4.)

Respondent filed a Rule 5 Answer and Motion to Dismiss and provided Petitioner with an appropriate *Roseboro* notice. Respondent contends that Petitioner has not properly exhausted any of his claims by presenting them to the Supreme Court of Virginia. Respondent further maintains that all four claims are procedurally defaulted.

Petitioner has responded and the matter is ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

## I. Procedural History

### A. Direct Appeal

The Circuit Court entered final judgment on Petitioner's convictions and sentences on December 7, 2006. On April 23, 2007, Petitioner filed a petition for appeal of his convictions in the Court of Appeals of Virginia. Petitioner argued that there was 1) insufficient evidence to show malice, and 2) insufficient evidence to prove four separate counts of maliciously discharging a firearm at or within an occupied dwelling. On August 17, 2007, the Court of Appeals denied his appeal. On November 29, 2007, Bell filed a direct appeal that remains pending before the Supreme Court.

### B. State Petitions for Writs of Habeas Corpus

During the pendency of his direct appeal, Petitioner filed two petitions for writs of habeas corpus with the Circuit Court. First, on January 18, 2007, Petitioner filed a petition for a writ of habeas corpus wherein he claimed he was entitled to relief upon: 1) witness perjury; 2) witness tampering; 3) insufficient evidence to prove that there was more than one person in the apartment

2

at the time of the incident; 4) inadmissible evidence; and, 5) ineffective assistance of counsel. The Circuit Court denied his first state habeas petition and dismissed it with prejudice on April 1, 2007. The Circuit Court ruled that Petitioner's first four claims were not cognizable in a habeas proceeding, and that the fifth claim lacked merit. Petitioner did not appeal this decision to the Supreme Court.

Petitioner filed a second state petition for writ of habeas corpus in the Circuit Court on or about May 7, 2007. Petitioner asserted that he was entitled to relief because: 1) counsel failed to question a witness about conflicting statements; 2) counsel failed to obtain an expert witness to testify that Petitioner was intoxicated when he waived his *Miranda* rights; and, 3) his confession was involuntary because he was intoxicated. The Circuit Court held that this second state habeas petition was procedurally barred by Section 8.01-654(B)(2) of the Virginia Code.[1] Therefore, the Circuit Court dismissed the second petition with prejudice on July 2, 2007. Petitioner did not appeal this decision to the Supreme Court. The time for appealing that decision has long since expired.[2]

---

[1] Section 8.01-654(B)(2) of the Virginia Code provides, in pertinent part, that a petition for writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing . . . . No writ shall be granted on the basis of any allegation the facts of which petition had knowledge at the time of filing any previous petition." Va. Code § 8.01-654(B)(2).

[2] *See* Va. Sup. Ct. R. 5:17(a)(2) ("a petition for appeal must be filed . . . in the case of an appeal from the Court of Appeals, within 30 days after entry of the judgment appealed from or a denial of a petition for rehearing.").

C. **Federal Petition for Writ of Habeas Corpus**

On August 9, 2007, Petitioner filed the instant Petition in the United States District Court for the Eastern District of Virginia. Petitioner represents that he raised these same claims in his state habeas petition.

In response to the Court's December 11, 2007 Order, the parties filed responses as to why the Court should not dismiss the petition due to Petitioner's pending appeal before the Supreme Court. Having reviewed these responses and the record, the Court now considers the Petition and Respondent's Motion to Dismiss.

## II. Analysis

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (*citing Matthews*, 105 F.3d at 911).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Id.* This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his

claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, a federal habeas court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Petitioner never presented the claims in the instant Petition to the Supreme Court because he never appealed the Circuit Court's adverse decision in his first state habeas petition.[3] *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986) ("failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims."). Furthermore, Petitioner cannot now enlarge his pending direct appeal to encompass the claims in his federal habeas petition because he did not present these claims to the Virginia Court of Appeals. *See* Va. Sup. Ct. R. 5:17(c) ("Where appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to questions presented in, or to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court."). If Petitioner were to attempt now to raise these claims to the Supreme Court, that court would find the claim procedurally barred pursuant to Section 8.01-654(B)(2) of the Virginia Code. Section 8.01-654(B)(2) is an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Thus, Petitioner's claims are procedurally defaulted.

---

[3] Petitioner's direct appeal to the Circuit Court alleged insufficient evidence to show that he acted with malice, and insufficient evidence to prove that he committed four separate offenses. In contrast, Bell's federal habeas petition raises issues of perjury by the Commonwealth's witness, inadmissible evidence, and ineffective assistance of counsel. Petitioner himself characterizes the claims in the instant Petition as those raised in his state habeas petition, and not those raised in his direct appeal.

Petitioner has not set forth any basis for excusing his default.  Accordingly, Petitioner's claims will be DISMISSED.

### III.  Conclusion

For the above reasons, the Court shall GRANT Respondent's Motion to Dismiss. (Docket No. 5.)  Accordingly, the Petition (Docket No. 1) will be DENIED and the action will be DISMISSED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: March 3, 2008